

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

07 CV 4564

| | |
|---|---|
| PANLINE U.S.A. INC. d/b/a ALEX TOYS, | : CIV. ACTION NO.: |
| | : |
| Plaintiff, | : COMPLAINT FOR |
| | : DECLARATORY JUDGMENT |
| - against - | : |
| | : |
| VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN OF AMERICA, INC. | : |
| | : |
| Defendants. | : |
| | : |



MAY 30 2007

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Panline U.S.A. Inc. d/b/a Alex Toys ("Alex Toys" or "Plaintiff") by and through its attorneys, allege as and for its Complaint against Defendants Volkswagen Aktiengesellschaft ("VWAG") and Volkswagen of America, Inc. ("VWoA") (collectively VWAG and VWoA are referred to as "Defendants") as follows:

## SUMMARY OF THE COMPLAINT

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 that Plaintiff's children's bathtub toy ("Tub Toy") does not infringe upon Defendants' U.S. Trademark Registration No. 3,038,741 and/or trade dress ("VW Marks") below:

**PLAINTIFF'S TUB TOY**



**DEFENDANTS' VW MARKS**



## PARTIES

2.      Plaintiff Panline U.S.A. Inc. d/b/a Alex Toys ("Alex Toys") is a corporation organized and existing under the laws of the State of New Jersey, and having a principal place of business at 251 Union Street, Northvale, New Jersey 07547.

3.      Upon information and belief, Defendant Volkswagen Aktiengesellschaft ("VWAG") is a company duly organized and existing under the laws of Germany, and having a principal place of business in Wolfsburg, Germany.

4.      Upon information and belief, Defendant Volkswagen of America, Inc. ("VWoA") is a corporation duly organized and existing under the laws of the State of New Jersey, and having a principal place of business at 3800 Hamlin Road, Auburn Hills, Michigan 48326.

## JURISDICTION AND VENUE

5.      This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 and §2202, and the Lanham Act, 15 U.S.C. §1051, *et. seq.* This action is brought for the purpose of determining a question of actual controversy concerning trademark and trade dress rights owned by Defendants and accusations of trademark counterfeiting, trademark and trade dress infringement made by Defendants against Plaintiff.

6.      This Court has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202 and Fed. R. Civ. P. 57.

7.      This Court has personal jurisdiction over Defendants in that they conduct business in the State of New York and in this District, and maintain contacts within the State of New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and §1400(a) in that Defendants are subject to personal jurisdiction in this judicial district.

## PLAINTIFF'S BUSINESS AND PRODUCTS

9.      Plaintiff has been engaged in the business of designing, selling and distributing educational toys and products for children since as early as 1986 ("Plaintiff's Products").

10.     Plaintiff's Products are currently sold worldwide in over 65 countries through specialty retail stores, catalogs and web sites.

11.     One of Plaintiff's Products Plaintiff currently sells is the Squirters For the Tub - On the Go, which features five (5) transportation-themed bathtub squirters for children ("Tub Toys").  Plaintiff began selling its Tub Toys (depicted below) on or about February



2005.                                      .  Printouts from Plaintiff's website are attached as Exhibit A.

### DEFENDANTS' BUSINESS AND PURPORTED MARKS

12.     Defendant VWoA is a subsidiary of and the exclusive U.S. importer of cars manufactured by VWAG.  VWAG purports to own several United States trademarks, including U.S. Trademark Registration No. 3,038,741 for the design of the Volkswagen Beetle.  A copy of this Registration is attached as Exhibit B.  VWAG's trademarks are licensed to VWoA for use in the United States on automobiles and related products.

13.     On or about April 25, 2007, Defendants sent Plaintiff a cease and desist letter asserting that Plaintiff's manufacture and sale of the "Tub Toys" was infringing various intellectual property rights owned by Defendants.  A copy of Defendants' letter is attached as Exhibit C.  Defendants' letter alleged Plaintiff's manufacture and sale of the "Tub Toys"

constitutes trademark counterfeiting, trademark infringement and trade dress infringement, misappropriation and other state law claims. Defendants' letter demanded payment in the amount of twenty five percent (25%) of gross revenues from Plaintiff's sale of the Tub Toys or five thousand dollars ($5,000), which ever is less, and delivery of Plaintiff's inventory of the "Tub Toys" to Defendants. The letter also threatened damages, attorney's fees, and future enforcement.

## DECLARATORY JUDGMENT

14.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 13 of the Complaint as though fully set forth herein.

15.     The uncertainty caused by Defendants' threats has raised issues about whether Plaintiff should continue selling its Tub Toys.

16.     On account of Defendants' conduct, described herein, Plaintiff reasonably anticipates that in the future it will be sued by Defendants for trademark counterfeiting, trademark and/or trade dress infringement and/or related claims arising from its sale of the Tub Toys.

17.     An actual controversy exists between the parties with respect to whether Plaintiff's sale of the Tub Toys unfairly competes with or otherwise violates Defendants' rights, if any, under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* or otherwise pursuant to any other federal laws or the laws or statutes of any state.

18.     To avoid further harm to and uncertainty in its business, Plaintiff seeks a judicial declaration establishing that there is no merit to Defendants' threats of trademark counterfeiting, trademark infringement, trade dress infringement, or infringement under any other state or federal law.

19.    Plaintiff will be damaged in its business and reputation by Defendants' threats of infringement and will be irreparably damaged if the existing controversy between the two companies is not promptly resolved.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1.    A declaration that Plaintiff's manufacture, advertising, promotion and sale of the Tub Toys does not infringe, unfairly compete with or otherwise violate Defendants' trademark or trade dress rights, if any, including any rights that Defendants may have under the Lanham Act, 15 §§ 1051 *et seq.*, or any other rights that Defendant may have or may assert under any federal law or the laws or statutes of any state;

2.    A declaration that Defendants do not have any intellectual property right or exclusive right to use the image of the car as shown in Plaintiff's Tub Toys;

3.    That the Court award Plaintiff reasonable attorneys' fees and costs; and

4.    All such other and further relief, in law or in equity, to which Plaintiff may be entitled or which the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by the jury of its claim.

Dated: May 30, 2007                    Respectfully submitted,

                                       **GREENBERG TRAURIG, LLP**

                                       By: _____
                                       G. Roxanne Elings (GE 8321)
                                       Dana Schuessler (DS 0711)
                                       MetLife Building
                                       200 Park Avenue, 34th Floor
                                       New York, NY 10166
                                       Telephone: (212) 801-9200
                                       Facsimile: (212) 801-6400
                                       *Attorneys for Plaintiff Panline U.S.A Inc. d/b/a*
                                       *Alex Toys*

# Exhibit A

        

About Alex | News | Store Finder | Awards | Press Release | Recall | ALEX Worldwide | FAQ | Contact Us



### RUBADUB > PLAY IN THE TUB

**Find a store near you**





## SQUIRTERS FOR THE TUB - ON THE GO

**Soft, chubby, colorful bathtub squirters are the perfect size for little bathers to hold and squeeze. Lots of fun for little squirts! Each set contains 5 transportation-themed squirters. Phthalate free.**

- **Suitable for Ages: 18 mos. +**
- **Suggested Retail Price: $7.99**
- **Related Products:**
  - SQUIRTERS FOR THE TUB - OCEAN
  - SQUIRTERS FOR THE TUB – FARM
  - SQUIRTERS FOR THE TUB - SPORTS
  - SQUIRTERS FOR THE TUB - GARDEN
  - SQUIRTERS FOR THE TUB - DINOS
  - SQUIRTERS FOR THE TUB - SPACE

Back | Home | Back to Top

# Exhibit B



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Wed May 30 04:06:38 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| | |
|---|---|
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: Games, namely, board games, card games, hand held units for playing video games, electronic dart games; Toys, namely, swing sets, play sets for dolls; scale model vehicles, namely, scale model cars, sports balls, plush toys, water wing swim aids for recreational use. FIRST USE: 19960000. FIRST USE IN COMMERCE: 19960000 |
| | IC 012. US 019 021 023 031 035 044. G & S: Automobiles, trucks, vans, sport utility vehicles, lorries, trailers, busses, trains, locomotives, bicycles, tricycles, unicycles, motorcycles, snowmobiles, airplanes, boats and ships, hot air balloons and dirigibles, camping trailers, folding and hard side truck camping trailers, motor homes, conversion vans, travel trailers, camper coaches and structural and replacement parts for all of the aforesaid goods; complete engines for land vehicles and structural and replacement parts therefor. FIRST USE: 19480000. FIRST USE IN COMMERCE: 19480000 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 18.11.25 - Battery carrier trays for automobiles; Belts, safety, vehicle; Brakes (automobile); Car seats, baby; Clutches, vehicles; Gear shifts, vehicle; Grills (automobile); Head lights, vehicle; Hitches, (trailers); Horns (vehicular); Jacks (vehicle); Kick stands (bicycle); License plates; Lights, auto; Lights, bicycle; Mirrors, vehicle; Pedals (vehicular); Porthole; Racks, (automobile); Radiators, vehicle; Sails; Seat belts, vehicle; Stick shifts (automobile); Windshields (vehicular) |
| **Serial Number** | 76318904 |
| **Filing Date** | September 28, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 29, 2002 |
| **Registration Number** | 3038741 |
| **Registration Date** | January 10, 2006 |
| **Owner** | (REGISTRANT) Volkswagen Aktiengesellschaft CORPORATION FED REP GERMANY D-38436 Wolfsburg FED REP |

|                          | GERMANY                  |
|--------------------------|--------------------------|
| **Attorney of Record**   | Barth X. deRosa, Esq.    |
| **Type of Mark**         | TRADEMARK                |
| **Register**             | PRINCIPAL-2(F)           |
| **Live/Dead Indicator**  | LIVE                     |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit C

LAW OFFICES

# HOWARD, PHILLIPS & ANDERSEN

*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: gdp@hpalaw.com

560 East 200 South, Suite 300
Salt Lake City, UT 84102

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

April 25, 2007

**VIA EMAIL (info@alextoys.com); AND
VIA REGULAR MAIL**

ALEX TOYS & PANLINE, INC.
Attn: Legal Department
251 Union Street
Northvale, NJ 07647

     Re:    ALEXTOYS.COM— Counterfeit Volkswagen Products

To Whom It May Concern:

     This law firm represents Volkswagen of America, Inc. ("VWoA") in trademark enforcement actions and in trademark litigation. VWoA is a subsidiary of and the exclusive U.S. importer of cars manufactured by Volkswagen AG and, as such, VWoA is charged with protecting the trademarks associated with those cars. VWoA and Volkswagen AG are hereinafter collectively referred to as "VW."

     VW takes policing and enforcement of their trademark rights very seriously, and has recently obtained preliminary and permanent injunctions against infringers who market and sell counterfeit Volkswagen trademarks without authorization. VW has also cooperated with law enforcement in obtaining felony counterfeiting convictions against counterfeiters of the VW trademarks. State of California v. Lee, et al., BA274850, 2005 LA Criminal Division (three felony convictions and restitution of $5,000.00 for counterfeit VW and Audi baseball caps).

     Recently it has come to the attention of VW that you are infringing upon VW's intellectual property rights by manufacturing and/or selling **children's tub toys** bearing the distinctive shape of the Classic VOLKSWAGEN® BEETLE® without authorization. The distinctive shape of the Classic VOLKSWAGEN® BEETLE® is a duly registered trademark in the United States that belongs to VW. Use of this trademark, or any confusingly similar variations thereof, without the express written consent of VW violates state and federal law, is misleading to the public, and constitutes a misappropriation of the goodwill and reputation developed by VW. An image from your web site displaying the infringing product is shown below for your review.

ALEXTOYS.COM
April 25, 2007
Page 2



Your infringing "Tub Toy"
bearing the distinctive shape of the
Classic VW® BEETLE®

Compare to United States Trademark
Registration No. 3038741

The law is well-established that you may not place counterfeits of the Volkswagen trademarks on your products, and/or sell products manufactured by others that bear counterfeits of the Volkswagen trademarks. Ford Motor Company v. Lloyd Design Corp., 184 F.Supp.2d 665, 667 (E.D.Mich. 2002) (permanently enjoining the use of counterfeits of various Ford, Jaguar, and Aston Martin trademarks on floor mats, and granting Ford its attorneys' fees and costs because of "Defendant's flagrant disregard for Plaintiffs' trademark rights."). VW cannot

ALEXTOYS.COM
April 25, 2007
Page 3

tolerate counterfeiting and infringement of its protected trademarks.

The law is also well settled that automobile manufacturers have protectable trade dress rights in the distinctive shapes of their automobiles. See, e.g., Liquid Glass Enterprises, Inc., v. Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc., 8 F.Supp.2d 398, 402 (D.N.J. 1998). See also, Ferrari S.P.A. Esercizio v. Roberts, 944 F.2d 1235, 1240 (6th Cir. 1991), cert. denied 505 U.S. 1219, 112 S.Ct. 3028 (1992) ("[T]he unique exterior design and shape of the Ferrari vehicles are their 'mark' or 'trade dress' which distinguish the vehicles' exterior shapes not simply as distinctively attractive designs, but as Ferrari creations"); Chrysler Corp. v. Silva, 118 F.3d 56, 58-59 (1st Cir. 1997) (trade dress of Dodge Viper protectable).   Volkswagenwerk Aktiengesellschaft v. Rickard, 492 F.2d 474 (5th Cir. 1974) (affirming injunction barring, among other things, defendant service shop's use of "any silhouette, picture, caricature, or reproduction of the shape or appearance of the Volkswagen sedan"). Volkswagenwerk v. Smith, 471 F.Supp.385 (D.C.N.M. 1979) ("For many years the Volkswagen Silhouette has been synonymous in meaning with 'Volkswagen.'")

More specifically, numerous courts have recognized that VW has extensive trade dress rights in the distinctive shape of the Classic VOLKSWAGEN® BEETLE®.  For example, in Volkswagenwerk v. Smith, the court found:

> "The long standing and distinctive shape of this Volkswagen sedan has caused the American public to identify the shape and the outline and picture of the shape of this automobile ("the Volkswagen Silhouette") with VWAG and with the products and services sold by the authorized Volkswagen network. For many years the Volkswagen Silhouette has been synonymous in meaning with 'Volkswagen.'" 471 F.Supp.385 (D.C.N.M. 1979).

VW produced the Classic VOLKSWAGEN® BEETLE® or automobile for nearly 70 years, and produced more than 21 million Classic BEETLE® vehicles.  When the production of the Classic VOLKSWAGEN® BEETLE® ceased in 2003, the story made international headlines.  As recently stated by the Washington Post, the Classic VOLKWAGEN® BEETLE® is "the most popular car ever made ." The long-standing fame and reputation of the Classic VOLKSWAGEN® BEETLE®, together with the recognition by numerous courts of VW's extensive rights in the distinctive shape and styling of the Classic VOLKSWAGEN® BEETLE® conclusively show that the trade dress of the Classic VOLKSWAGEN® BEETLE® has acquired secondary meaning.

Additionally, the Southern District of New York held that "'Trade dress' is a form of mark protectable under Sec. 43(a)(1). The 'trade dress' of a product is essentially its total image and overall appearance." Philip Morris Inc. v. Star Tobacco Corp., 879 F.Supp. 379, 383

ALEXTOYS.COM
April 25, 2007
Page 4

(S.D.N.Y. 1995). The court further noted that "Trade dress, like a trademark, 'is a merchandising shortcut which induces a purchaser to select what he has been led to believe he wants.' To that end, the trademark and (trade dress owner) makes 'every effort to impregnate the atmosphere of the market with the drawing power of a congenial symbol.' If he succeeds, the trademark or trade dress owner 'has something of value'; and if 'another poaches upon the commercial magnetism of the symbol he has created, the owner can obtain legal redress.'" 879 F.Supp. at 384.

VW licenses and produces a wide variety of goods bearing its trademarks and trade dress, including children's clothing. As stated by the Second Circuit: "In order to be confused, a consumer need not believe that the owner of the mark actually produced the item and placed it on the market.... The public's belief that the mark's owner sponsored or otherwise approved the use of the trademark satisfies the confusion requirement." Dallas Cowboy Cheerleaders v. Pussycat Cinema, Ltd., 604 F.2d 200 (2nd Cir.1979). See also National Football League Properties, Inc. v. Wichita Falls Sportswear, 532 F.Supp.651 (W.D. Wash. 1982); Kentucky Fried Chicken Corp. v. Diversified packaging Corp., 549 F.2d 368 (5th Cir. 1977).

Your selection of VW's distinctive trademarks and trade dress can only lead to the conclusion that you are attempting to capitalize on and profit from the goodwill and reputation of VW by misappropriating VW's registered trademarks and trade dress in your products.

In order that VW may assess what damages it has suffered as a result of your sale of products using counterfeits of the VW trademarks, please provide the following information no later than **May 9, 2007**:

1)    The number of counterfeit products set forth by item (e.g., VOLKSWAGEN® BEETLE® or BUG™ tub toys, etc.) sold or distributed bearing the VW trademarks or any variation thereof;

2)    The gross revenue received from the sale of such counterfeit products set forth by item;

3)    The time period during which such counterfeit products have been offered and sold;

4)    The names and addresses of all non-retail purchasers of the counterfeit products and the number of each product listed by item purchased by each such purchaser; and

5)    The names and addresses of all suppliers of the counterfeit products.

ALEXTOYS.COM
April 25, 2007
Page 5


VW further demands that you turn over to VW for destruction all unsold counterfeit items no later than **May 9, 2007**.  Volkswagen also demands that no later than **May 9, 2007**, you pay Volkswagen by cashier's check damages in the amount of twenty five percent (25%) of the gross revenues from the sales of any counterfeit products using the Volkswagen trademarks or trade dress, or $5,000.00, whichever is greater.[1]

The purpose of this letter is to secure your **voluntary agreement** to cease from violating VW's intellectual property rights.  To demonstrate your agreement to do so, VW requires that you sign and return the below-attached agreement to me by no later than **May 9, 2007**.  If I have not received a signed copy of the agreement from you by the close of business on that day, including the required information, products, and payment, I will infer that you are unwilling to resolve this matter voluntarily and will advise VW to prepare to file a complaint against you in federal district court.

You may be infringing VW's intellectual property rights in other ways, and VW reserves the right to bring to your attention other matters that VW believes infringe its copyrights, trademarks, and trade dress rights, or constitute false advertisement.

This letter is without prejudice to all rights of VW, including past or future royalties, past or future damages, attorney's fees, and to bring enforcement actions for all past or future violations of Volkswagen's rights.

Should you have any questions concerning Volkswagen's position in this matter, please do not hesitate to contact me.

Very truly yours,

Gregory D. Phillips

GDP:jpe

cc:     Volkswagen of America

---

[1]In the event that Volkswagen is forced to litigate this matter, Volkswagen will seek all profits from the sale of such products trebled as damages, plus its attorneys' fees and costs.

ALEXTOYS.COM
April 25, 2007
Page 6

## AGREEMENT

By execution of this Agreement, the undersigned agrees immediately to cease and desist from all unauthorized uses of the Volkswagen trademarks and trade dress in its products, services, advertisements, promotional literature, promotional telecasts, broadcasts, signage, on the Internet, or otherwise, in connection with the sale of any product, good, part, or service.

Specifically, by way of illustration and without limiting the general agreement expressed above, the undersigned agrees that it will:

(1)   immediately cease from the unauthorized use of the VW trademarks and trade dress in your products, on your website, in your advertisements or otherwise;

(2)   immediately turn over to VW's counsel for destruction all products or materials bearing VW® trademarks or trade dress, as well as any other designs or logos that are confusingly similar to the VW trademarks;

(3)   immediately cease and desist from the advertisement and/or sale of any products bearing counterfeits of the VW trademarks, and immediately turn over to VW's counsel, for destruction, all products bearing counterfeits of the VW Trademarks, as well as any other designs or logos that are confusingly similar to the VW trademarks;

(4)   provide the following information no later than **May 9, 2007**:

a)   The number of counterfeit products set forth by item sold (e.g., VOLKSWAGEN® BEETLE® or BUG® tub toys, etc.) or distributed bearing the VW trademarks or trade dress;

b)   The gross revenue received from the sale of such counterfeit products set forth by item;

c)   The time period during which such counterfeit products been offered or sold;

d)   The names and addresses of all non-retail purchasers of the counterfeit products and the number of each product listed by item purchased by each such purchaser; and

e)   The names and addresses of all suppliers of the counterfeit products.

ALEXTOYS.COM
April 25, 2007
Page 7

(5)     No later than **May 9, 2007,** pay Volkswagen by cashier's check damages in the
        amount of twenty five percent (25%) of the gross revenues from the sales of any
        products using the Volkswagen trademarks, or $5,000.00 whichever is greater.

The undersigned further agrees that no later than **May 9, 2007,** the undersigned will
provide evidence of compliance of the matters set forth above to VW's counsel.

The undersigned agrees and acknowledges that any violation or breach of this Agreement
will cause irreparable harm to VW, and that VW will be entitled to liquidated damages of
$10,000.00, or what ever profits realized by the undersigned as a result of the violation of this
agreement, whichever is greater.   The undersigned further agrees and acknowledges that VW
will be entitled to entry of both a preliminary and permanent injunction against the undersigned
for any violation of this Agreement, as well as any other remedy allowed by law.  The
undersigned further agrees that if it breaches this Agreement, it will pay all costs incurred by
VW in enforcing this Agreement, including reasonable attorney's fees, whether incurred with or
without suit or before or after judgment.

**AGREED TO:**

**ALEX TOYS & PANLINE, INC.**

**Signature:** _____

**By:** _____

**Its:** _____

**Date:** _____